# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**ROSS JENKINS,**

        Petitioner,

v.                                   **CIVIL ACTION NO. 5:21-CV-41**
                                                  Judge Bailey

**SHELBY SEARLS,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On March 22, 2021, petitioner, acting *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1].  On February 1, 2022, this Court entered an Order to Show Cause, directing respondent to file an answer to the petition.  [Doc. 9]. On May 2, 2022, petitioner filed a Motion to Dismiss.  [Doc. 15].  On June 10, 2022, petitioner filed a reply to the Motion, along with a Motion for Leave to Amend.  [Docs. 22 & 23].  In his Motion for Leave to Amend, petitioner seeks to add two additional grounds for relief which he states were inadvertently left out of his original petition.  No response was filed to the Motion.  The Motion to Dismiss and Motion for Leave to Amend are now ripe for decision.  The matter is now pending before this Court for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.  For the reasons that follow, the undersigned recommends that

1

the Motion to Dismiss be granted, that the Motion for Leave to Amend be denied, and for the petition to be denied and dismissed with prejudice.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.  Conviction and Sentence

As summarized by the West Virginia Supreme Court of Appeals ("WVSCA"),

> In February of 1995, petitioner was indicted on one count of burglary without breaking and entering, in violation of West Virginia Code § 61–3–11, and two counts of second degree sexual assault, in violation of West Virginia Code § 61–8B–4. Petitioner's jury trial concluded on November 8, 1995, with convictions on all three counts. In December of 1995, the State filed a recidivist information pursuant to West Virginia Code § 61–11–19, stating that petitioner had been convicted of two prior felonies.
>
> On February 16, 1996, the circuit court held a sentencing hearing. Initially, the circuit court sentenced petitioner to a term of incarceration of one to fifteen years on one count of burglary and ten to twenty-five years of incarceration on each count of second degree sexual assault, with credit for 174 days served, said sentences to run consecutively. After ordering petitioner's initial sentence, the circuit court modified the sentence to a single life sentence for all three crimes pursuant to the applicable provisions of the recidivist statute. W.Va.Code § 61–11–18. However, the State subsequently moved to withdraw the recidivist information, and the circuit court granted the motion. The circuit court then reinstated its original

sentence, which amounted to an effective sentencing of twenty-one to sixty-five years in prison.

*State v. Jenkins*, No. 13-1284, 2014 WL 5328684, at *1 (W.Va. Oct. 20, 2014).

**B.     Direct Appeal**

On September 30, 1996, petitioner appealed his conviction. On January 22, 1997, the WVSCA refused the petition. [Doc. 15-2].

**C.     First State Habeas Corpus Petition and Appeal**

The petitioner filed a Petition for Writ of Habeas Corpus under West Virginia Code § 53-4A-1 on March 27, 1997, and an amended petition on August 21, 1998. [Docs. 15-4 & 15-5]. In his amended petition, he asserted grounds for ineffective assistance of counsel, double jeopardy, constitutional errors in evidentiary rulings, an error in the jury instructions, prejudicial statements by the prosecutor, insufficient evidence, and a prejudicial statement made to the grand jury by the arresting officer. [Doc. 15-5]. The circuit court denied the petition on October 5, 2001, and the WVSCA refused the petition for appeal on September 19, 2002. [Docs. 15-6 & 15-7].

**D.     Rule 35(a) Motion and Appeal**

As summarized by the WVSCA,

On November 21, 2012, petitioner filed a pro se motion for correction of his sentence pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure arguing that it was inappropriate to allow the State to withdraw the recidivist information and that he should have received a single life sentence pursuant to the recidivist statute. Petitioner was appointed counsel and the circuit court held a hearing on petitioner's motion in October

3

>of 2013. It is undisputed that the parties agreed that the State should not have been permitted to withdraw its recidivist information during the original sentencing hearing in 1996. The circuit court stated that petitioner's original sentence was illegal and petitioner was "entitled to a correction...." The circuit court clearly explained to petitioner the consequences of granting his motion to correct his sentence, which included the possibility of receiving an increased sentence. On December 9, 2013, the circuit court entered petitioner's amended sentencing order, which sentenced petitioner to a term of incarceration of one to fifteen years for one count of burglary, a term of incarceration of ten to twenty-five years for one count of second degree sexual assault, and a life recidivist sentence on the second count of second degree sexual assault, said sentences to run consecutively, for a total of twenty-six to forty years of incarceration. Petitioner was also granted credit of 6,632 days.

**State v. Jenkins**, No. 13-1284, 2014 WL 5328684, at *1 (W.Va. Oct. 20, 2014). Petitioner appealed to the WVSCA. The Court found no merit to the appeal and affirmed petitioner's sentence. **Id.** at 2–3.

**G.    Second State Habeas Corpus Petition and Appeal**

On September 8, 2014, petitioner filed a second Petition for Writ of Habeas Corpus under West Virginia Code § 53-4A-1. See [Doc. 15-16]. Petitioner argued that his trial counsel was ineffective by not advocating forcefully enough that he should be sentenced to a single life term and that his corrected sentence violated double jeopardy principles. [Id. at 3]. On September 12, 2014, the circuit court denied the petition, finding that the

claims had been previously adjudicated. [Id.]. Petitioner appealed the decision to the WVSCA, and on June 26, 2016, the WVSCA denied the petition, finding that petitioner's claims were barred by the doctrine of *res judicata*. [Id. at 4].

H.     **First Federal Habeas Petition and Appeal**

On December 7, 2015, petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. *See Jenkins v. Plumley*, Civil Action Number 5:15-CV-159 (N.D. W.Va. 2015), [Doc. 1]. There, petitioner argued that his re-sentencing placed him in double jeopardy and that his counsel for resentencing was ineffective. [Id.]. In a Report and Recommendation dated January 30, 2017, Magistrate Judge Seibert found that petitioner's counsel was ineffective and recommended the § 2254 petition be granted. *See* Civ. A. No. 5:15-CV-159 [Doc. 40]. By Order dated March 23, 2017, Judge Stamp found that there was a reasonable probability that with proper representation Jenkins would have received a different sentence; however, the Order also found that his double jeopardy claim failed. Accordingly, the Petition was granted in part and denied in part. Civ. A. No. 5-15-CV-159 [Doc. 51]. On April 26, 2017, petitioner appealed, and on November 3, 2017, the Court of Appeals for the Fourth Circuit dismissed the appeal. Civ. A. No. 5-15-CV-159 [Doc. 62].

I.     **Motion to Reinstate Original Sentence**

On September 5, 2018, petitioner filed a Motion to Reinstate Original Sentence Pursuant to Habeas Corpus. [Doc. 15-21]. On December 21, 2018, the Circuit Court of Marion County denied the Motion, instead resentencing petitioner to consecutive terms of one to fifteen years in prison for burglary, ten to twenty-five for one of the second degree sexual assault convictions, and a term of life in prison for the other second degree

sexual assault conviction. [Doc. 15-22]. Petitioner appealed to the WVSCA, and the Court affirmed the circuit court. [Doc. 15-24].

**J.     Third State Habeas Corpus Petition and Appeal**

On February 25, 2019, petitioner filed a third Petition for Writ of Habeas Corpus under West Virginia Code § 53-4A-1. [Doc. 15-26]. Petitioner argued that his habeas counsel was ineffective for failing to raise an issue related to an improper pretrial identification of petitioner. The circuit court dismissed the petition, finding that even if petitioner's habeas counsel provided ineffective, incompetent assistance, his underlying claim for relief would still fail. [Doc. 15-27]. Petitioner appealed to the WVSCA, and the court affirmed the lower court's decision on August 28, 2020. [Doc. 15-30].

**K.     The Instant Petition**

On March 22, 2021, petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1]. The petition as filed raises a single ground: that his habeas counsel was ineffective for failing to make a motion to dismiss the charges or request a new trial as a result of the pretrial identification issue. On May 2, 2022, respondent filed a Motion to Dismiss, arguing that there is no federal right to counsel in habeas corpus proceedings in state court and that ineffective assistance of state habeas counsel is therefore not a cognizable claim. [Docs. 15 & 16]. On June 10, 2022, petitioner filed several motions, including a reply to the instant motion [Doc. 22] and a Motion for Leave to Amend, [Doc. 23]. In the Motion for Leave to Amend, petitioner seeks to add two new claims: for ineffective assistance of trial counsel and for constitutional error relating to the sentencing court's application of the Habitual Offender Act. [Doc. 23 at 3].

6

### III.  LEGAL STANDARD

A.     Motions to Dismiss

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added).  See also **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995).  In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," **Id**. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." **Id**. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir.

2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

**B.     Petitions for Habeas Corpus Under 28 U.S.C. § 2254**

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing a petition

8

for habeas relief, a federal court uses the "highly deferential lens" mandated by the AEDPA. ***DeCastro v. Branker***, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." ***Thomas v. Davis***, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. ***Williams v. Taylor***, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." ***Lewis v. Wheeler***, 609 F.3d 291, 300 (4th Cir. 2010) (quoting ***Williams***, 529 U.S. at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." ***Id***. at 300--01 (internal marks omitted).

Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. "[A] federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." ***Williams***, 529 U.S. at 365.

9

## IV.  ANALYSIS

**A.  Petitioner's ineffective assistance of habeas counsel claim should be dismissed because there is no constitutional right to assistance of counsel in state habeas proceedings.**

Petitioner claims that his habeas counsel, Christy Smith, was ineffective because she failed to file a motion for a new trial based on an improper pretrial identification and testimony based on that identification.  However, respondent correctly points out that ineffective assistance of state habeas counsel is not a cognizable ground in a § 2254 proceeding.  "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254.  This is so because "[t]here is no constitutional right to assistance of counsel in state habeas proceedings."  ***Braynen v. Martin***, No. 5:17-CV-151, 2019 WL 3801855, at *13 (N.D. W.Va. June 6, 2019) (Trumble, M.J.), *report and recommendation adopted*, No. 5:17CV151, 2019 WL 3781433 (N.D. W.Va. Aug. 12, 2019) (Stamp, J.), citing **Weeks v. Angelone**, 176 F.3d 249, 273 (4th Cir. 1999); *see also* **Smith v. Angelone**, 111 F.3d 1126, 1133 (4th Cir. 1997) ("We have never held that a prisoner may claim a due process violation based upon his lawyer's performance on state habeas").  Accordingly, this claim should be denied and the petition dismissed.

**B.  Petitioner's Motion for Leave to Amend should be denied because the proposed additional claims are untimely.**

In his pending Motion [Doc. 23], petitioner asks this Court for leave to amend the Complaint to allow him to add two additional grounds.  First, that his trial counsel was ineffective by failing to competently advise him of the potential consequences of filing a motion to correct sentence.  Second, that the State's request for sentencing pursuant to

the Habitual Offender Act violated his due process rights. Petitioner states that his attorney raised these grounds on appeal but that they were inadvertently left out of the instant petition. Petitioner dated his Motion June 6, 2022.

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. When the 21-day period has expired, FRCP 15(a)(2) allows a party to amend its pleading with leave of the Court, which the rule states should be freely given when justice so requires. "A court, however, may deny a motion to amend on the 'ground of futility when the proposed amendment is clearly insufficient on its face.'" **Rambus, Inc. v. Infineon Techs.**, AG, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) (Payne, J.) (citing **Johnson v. Oroweat Foods Co.**, 785 F.2d 503, 510 (4th Cir. 1986)).

Under 28 U.S.C. § 2244(d), "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

11

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1). However, the statute also provides that "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." **Artuz v. Bennett**, 531 U.S. 4, 8 (2000) (citations omitted).

Here, petitioner's third state habeas corpus petition was denied on April 29, 2019. Petitioner appealed, and the Supreme Court of Appeals of West Virginia affirmed the denial on August 28, 2020. Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court. Accordingly, the statute of limitations under § 2244(d)(1)(A) began to run on November 27, 2020. *See* S. Ct. R. 13 (mandating that a petition for a writ of *certiorari* to review a judgment be entered within 90 days in order to be considered timely). The one-year limitation period therefore expired November 29, 2021. Petitioner's Motion for Leave to Amend is dated June 6, 2022, over six months past the expiration of the limitation period.

"An amendment to a habeas petition is also subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), unless the amendment relates back to a timely

raised claim, pursuant to Rule 15(c)." **Woods v. Clarke**, No. 7:18CV00385, 2020 WL 378506, at *4 (W.D. Va. Jan. 23, 2020) (Conrad, J.), *appeal dismissed*, 818 F. App'x 239 (4th Cir. 2020) (citing **Mayle v. Felix**, 545 U.S. 644 (2005)). An amendment relates back to a timely raised claim if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15. As the Supreme Court explained in **Mayle**, it is not enough that the claims merely arose out of the same underlying criminal case:

> Congress enacted AEDPA to advance the finality of criminal convictions. To that end, it adopted a tight time line, a one-year limitation period ordinarily running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.

*Mayle*, 545 U.S. at 662 (2005) (citations omitted).

Here, petitioner's proposed amended claims, relating to ineffective assistance of his trial counsel and the application of the Habitual Offender Act at sentencing, do not relate back to his originally filed claim of ineffective assistance of habeas counsel. Accordingly, his Motion for Leave to Amend should be denied.

## V. RECOMMENDATION

For the reasons herein stated, the undersigned recommends that Respondent's Motion to Dismiss Petition [**Doc. 15**] be **GRANTED**, Petitioner's § 2254 Petition for a Writ

of Habeas Corpus [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**, and that the Motion for Leave to Amend § 2254 Petition [**Doc. 23**] be **DENIED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**.  A copy of any objections shall also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: July 5, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE