IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ROSS JENKINS,**

        Petitioner,

v.                                        CIVIL ACTION No. 5:21-CV-41
                                                   Judge Bailey

**SHELBY SEARLS,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 26]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 5, 2022, wherein he recommends that Respondent's Motion to Dismiss Petition [Doc. 15] be granted, petitioner's § 2254 Petition for a Writ of Habeas Corpus [Doc. 1] be denied and dismissed with prejudice, and that petitioner's Motion for Leave to Amend § 2254 Petition [Doc. 23] be denied. For the reasons that follow, this Court will adopt the R&R.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. This Court granted petitioner's Motion for Extension of Time to File Objections to the R&R, and gave petitioner until August 9, 2022, to file his objections. Petitioner timely filed his objections [Doc. 31] on August 8, 2022. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

### A.   Objections to R&R

Petitioner raises two (2) objections to the R&R.  First, petitioner argues that his ineffective assistance of counsel claims are cognizable in federal court.  *See* [Doc. 31 at 1–2].  Petitioner asserts that "there can be no doubt that these issues affect and deal with the fundamental fairness and accuracy of the trial and not hearing the claims would allow the State of West Virginia to trample on the Petitioner's rights to effective assistance at all levels of a criminal prosecution, appeal thereof, and post-trial collateral actions." *See* [Id. at 2].

As Magistrate Judge Mazzone discussed:

[I]neffecitve assistance of state habeas counsel is not a cognizable ground in a § 2254 proceeding.  "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254.

[Doc. 26 at 10].  There is no constitutional right to have appointed counsel in a post-conviction proceeding.  **Pennsylvania v. Finley**, 481 U.S. 551 (1987); *see also* **Smith v. Angelone**, 111 F.3d 1126, 1133 (4th Cir. 1997) ("We have never held that a prisoner may claim a due process violation based upon his lawyer's performance on state habeas"). Thus, petitioner's first objection is overruled.

Second, petitioner argues that Magistrate Judge Mazzone's recommendation that petitioner's Motion for Leave to Amend should be granted "should be overturned." *See*

[Doc. 31 at 2–3]. Petitioner argues that Rule 15(c)(1)(B) allows for an amendment that arises out of the same conduct or transaction set out in the original habeas. See [Id.].

Conducting a *de novo* review of Magistrate Judge Mazzone's analysis regarding petitioner's Motion for Leave to Amend, this Court finds that the issues raised by petitioner in this objection were thoroughly considered. Thus, petitioner's second objection is overruled.

The Court is of the opinion that Magistrate Judge Mazzone's R&R accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, petitioner's objections [**Doc. 31**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 26**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that Respondent's Motion to Dismiss Petition [**Doc. 15**] is **GRANTED**, petitioner's § 2254 Petition for a Writ of Habeas Corpus [**Doc. 1**] is **DENIED** and **DISMISSED WITH PREJUDICE**, and petitioner's Motion for Leave to Amend § 2254 Petition [**Doc. 23**] is **DENIED**. The Clerk is hereby **DIRECTED** to **STRIKE** the above-styled case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 8, 2022.

_____\
**JOHN PRESTON BAILEY**\
**UNITED STATES DISTRICT JUDGE**